**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND**

**CIVIL ACTION NO. 25-100-DLB**

**CORNELIUS ROBINSON,**                                                   **PETITIONER**

**VS.**           **MEMORANDUM OPINION AND ORDER**

**C. ENTZEL, Warden,**                                                  **RESPONDENT**

*** *** *** ***

Inmate Cornelius Robinson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). In his petition, Robinson contests information contained in his Presentence Report ("PSR"), information which formed the basis for his criminal convictions in 2008. *See* (Doc. # 1 at 5-6). Through his petition, he seeks to compel the Bureau of Prisons ("BOP") to place notations in his Central File that he disputes this information. Further, he requests a Court order entirely preventing the BOP from relying upon this information when administering his sentence, including when making decisions regarding classification, prison placement, or programming. *See* (Doc. # 1 at 8-12). Robinson has also filed a motion seeking preliminary injunctive relief to the same effect. (Doc. # 2).[1] The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).[2]

---

[1] Robinson did not pay the required filing fee or file a motion seeking *pauper* status. Robinson must cure this omission within twenty-one days. The Court will take steps to enforce the requirements of 28 U.S.C. §§ 1914, 1915 by ordering prison officials to deduct the appropriate amount from his inmate account if he fails to do so.

[2] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Robinson's petition under a more lenient standard because he is not represented by an attorney.

The Court will deny the petition upon initial review because the claims asserted by Robinson are not cognizable under § 2241.  A petition for writ of habeas corpus may be utilized to challenge the fact or length of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).  But if the prisoner does not seek immediate or earlier release, habeas corpus does not provide the appropriate remedy.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  Put simply, if a favorable determination would not automatically entitle the prisoner to accelerated release, a civil rights action is the proper vehicle for his claim.  *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).  Robinson's request that the Court order the BOP to alter its records does not fall within the scope of available relief in a habeas corpus proceeding.  *Cf. Ferrell v. Neely*, No. 7:24-CV-1021-RDP-GMB, 2025 WL 1464509, at *1 n.2, 2 (N.D. Ala. Apr. 30, 2025), *report and recommendation adopted*, 2025 WL 1461301 (N.D. Ala. May 21, 2025); *Spencer v. United States*, No. 16-CV-182-DRH, 2016 WL 1086933, at *2 (S.D. Ill. Mar. 21, 2016). The Court will therefore deny the petition; Robinson may assert his claims in a civil rights proceeding.  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly, it is **ORDERED** as follows:

1. Within twenty-one (21) days, Robinson must pay the applicable $5.00 habeas filing fee or file a motion seeking *pauper* status supported by a certified statement of his inmate account.

2. Cornelius Robinson's habeas corpus petition (Doc. # 1) is **DENIED**.

3. Robinson's motion for preliminary injunction (Doc. # 2) is **DENIED**.

---

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

4. This action is **STRICKEN** from the docket.

This 30th day of October, 2025.



G:\Judge-DLB\DATA\ORDERS\PSO Orders\Robinson 0-25-100 Memorandum.docx